UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DONNA L. NASSAR | CIVIL ACTION |
| VERSUS | NO. 06-10951 |
| JACKIE BOUDREAUX, ET AL. | SECTION "N" (1) |

## ORDER AND REASONS

Before the Court is the Motion to Dismiss Complaint for Failure to State a Claim on Which Relief May be Granted Pursuant to Fed. R. Civ. P. 12(b)(6), or, in the Alternative, Motion for Summary Judgment (Rec. Doc. No 22). After reviewing the memoranda of the parties and the applicable law, the Court finds that this motion should be granted.

**I.**     **Factual Background and Procedural History**

Plaintiff Donna Nassar ("Nassar") resigned from the St. Charles Humane Society (SCHS") in February of 2006. (Exhibit C to motion, p. 71). Some time thereafter, Nassar claims to have received a certified letter from the SCHS regarding items belonging to the SCHS that were allegedly in her possession. (Exhibit C to motion, p. 15). On April 17, 2006, Defendant Jackie Boudreaux ("Boudreaux") contacted Nassar and requested that certain property belonging to the SCHS be returned. When Boudreaux asked when the property would be returned, Nassar did not give a specific date or time. (Exhibit C to motion, p. 13). During that call, Nassar admitted to Boudreaux that she did, in fact, possess items belonging to the SCHS.

1

After a related theft complaint was reported to the St. Charles Parish Sheriff's Office, on April 17, 2006, Defendant Daniel Moldaner ("Deputy Moldaner"), who was employed as a deputy with the St. Charles Parish Sheriff's Office, was dispatched to the St. Charles Parish Animal Shelter. (Exhibit B to motion, ¶ ¶ 1, 2).  Deputy Moldaner attempted to contact Nassar via telephone, but was refused when Nassar's husband insisted that Nassar was not available and that any questions regarding property belonging to the SCHS should be directed to Nassar's attorney. (Exhibit B to motion, ¶ 6).  During this conversation, Nassar's husband indicated to Deputy Moldaner that Nassar did possess property belonging to the SCHS.  (Exhibit B to motion, ¶ 7). However, Nassar's husband would not inform Deputy Moldaner if Nassar intended to return the property.  (*Id.*)

On May 10, 2006, based on the above-described investigation, Deputy Moldaner obtained a warrant for Nassar's arrest for violating La.R.S. 14:67.1. (Exhibit B to motion, ¶ 4).  As a result, Nassar later filed suit against Deputy Moldaner and other individuals alleging intentional infliction of emotional distress, false arrest/imprisonment, action in concert, respondeat superior, and other state law claims.  The instant motion pertains to Nassar's claims against Deputy Moldaner only.

**II.**     **Law and Analysis**

Because this motion attached exhibits to support the arguments made therein, it shall be analyzed within the confines of Rule 56 of the Federal Rules of Civil Procedure.

A.     Legal Standard - Motion for Summary Judgment

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment may be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the

moving party is entitled to a judgment as a matter of law." See Fed.R.Civ.P. 56(c). See also *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The materiality of facts is determined by the substantive law's identification of which facts are critical and which facts are irrelevant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is material if it "might affect the outcome of the suit under the governing law." *Id.*

Initially, the movant bears the burden of demonstrating the absence of material fact issues. *Abbott v. Equity Group, Inc.*, 2 F.3d 613, 619 (5th Cir.1993). The movant is not required, however, to negate the elements of the nonmovant's case. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994) (citing *Celotex*, 477 U.S. at 323). If the dispositive issue is one for which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its summary judgment burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim. *Celotex*, 477 U.S. at 325. If the movant meets his burden, then the burden then shifts to the nonmovant, who, to avoid summary judgment, must go beyond the pleadings and designate specific facts that show that there is a genuine issue for trial. *Little*, 37 F .3d at 1075 (citing *Celotex*, 477 U.S. at 325). Of course, unsubstantiated assertions do not constitute competent summary judgment evidence. *Abbott*, 2 F.3d at 619 (citing *Celotex*, 477 U.S. at 324).

Before granting a motion for summary judgment, the district court must be satisfied that no reasonable trier of fact could find in favor of the nonmoving party. *Anderson*, 477 U.S. at 249; *Boeing Co. v. Shipman*, 411 F.2d 365, 374 (5th Cir.1969) (stating that "the facts and inferences [must] point so strongly and overwhelmingly in favor of one party that the Court believes that reasonable men could not arrive at a contrary verdict"). In determining whether a material issue of

fact exists, the evidence and all inferences drawn therefrom must be considered in the light most favorable to the non-moving party. *Baker v. American Airlines, Inc.*, 430 F.3d 750, 753 (5th Cir.2005) (quoting *Machinchick v. PB Power, Inc.*, 398 F.3d 345, 350 (5th Cir.2005)).

B.  Analysis

In Deputy Moldaner's motion for summary judgment, he first contends that he is entitled to qualified immunity. He notes that the warrant for Nassar's arrest did not lack probable cause and stated the requisite facts necessary to show probable cause.  Further, Deputy Moldaner claims that his actions were clearly reasonable in light of the circumstances, which he claims, entitles him to qualified immunity for applying for and obtaining a warrant for Nassar's arrest.  He notes that Nassar has produced no evidence to show that "all reasonable officials in the defendant[s'] circumstance would have then known that the defendant[s'] conduct violated the United States Constitution or the federal statute as alleged by the plaintiff."

Deputy Moldaner also claims to have absolute immunity for carrying out Nassar's arrest as an official acting within the scope of his authority is absolutely immune from suits for damages to the extent that the causes of action arise from the official's compliance with a facially valid judicial order issued by a Court acting within its jurisdiction. *Mays v. Sudderith*, 97 F.3d 107, 111 (5th Cir. 1996).  Deputy Moldaner claims that, under Louisiana law, the warrant issued in this case ( Exhibit A to motion) was valid.  Indeed, the instant warrant was in writing, in the name of the State of Louisiana, it included the date and parish issued, it included the name of the person to be arrested (here, Nassar), it included the offense charged (here, theft over $500), it commanded the arrest of Nassar, and it was signed by L.J. Frickey, Justice of the Peace for St. Charles Parish. Thus, Deputy Moldaner claims to be absolutely immune from liability for Nassar's arrest, both in his official and

individual capacity.

Also, Deputy Moldaner asserts that Nassar has produced no evidence to support any element necessary to state a claim for intentional infliction of emotional distress. He claims that the facts demonstrate that his conduct was not extreme or outrageous, and that he had never met Nassar before he arrested her. Further, Deputy Moldaner claims that Nassar cannot show that her alleged emotional distress was severe, and that Deputy Moldaner desired to inflict severe emotional distress on Nassar or knew that severe emotional distress would result from his actions. Thus, Moldaner argues that Nassar's claim for intentional infliction of emotional distress should be dismissed.

Likewise, Deputy Moldaner asserts that Nassar's claims for false arrest and/or imprisonment should be dismissed because Nassar was arrested pursuant to a valid arrest warrant.

As for Nassar's claims for action in concert, Deputy Moldaner alleges that these should also be dismissed because the evidence shows that he only had contact with any of the other defendants once, specifically on April 17, 2006. (Exhibit B to motion, ¶ 11). Thus, Deputy Moldaner claims that Nassar cannot prove any conspiracy amongst the defendants if their contact was limited to only one occasion.

Deputy Moldaner also claims that Sheriff Gregory Champagne[1] cannot be liable for any constitutional violation committed by Deputy Moldaner because Nassar cannot prove that a policy or custom of Sheriff Champagne directly caused the alleged constitutional deprivation. Deputy Moldaner notes that Sheriff Champagne was not present at the time of Nassar's arrest, and thus, could not have directly contributed to the alleged constitutional violation. Deputy Moldaner

---

[1] The Court notes that although the Complaint contains an allegation asserting that Sheriff Gregory Champagne is answerable for the damages occasioned by his employee (Deputy Moldaner) under the doctrine of respondeat superior (See Rec. Doc. 1, ¶ XXIX), Sheriff Gregory Champagne was not named as a defendant herein and, thus, never answered the Complaint.

5

asserts that holding Sheriff Champagne liable on *respondeat superior* grounds is invalid for a 42 U.S.C. §1983 claim.

As for the remaining issues of state law (which Deputy Moldaner alleges to be negligence, false arrest, and intentional infliction of emotional distress), Deputy Moldaner argues that if this Court dismisses Nassar's claims under federal law, then her state law claims should be dismissed for want of jurisdiction.

In a purported "Opposition Memorandum" (Rec. Doc. 27), filed on June 16, 2008, Nassar did not attempt to contest any of the arguments made by Deputy Moldaner in his Motion for Summary Judgment. Instead, she claimed that the motion was premature as it was set for hearing one day before the completion of the discovery period. Nassar did not file a formal motion to continue the hearing on the pending Motion for Summary Judgment. Instead, she filed what she entitled a "Memorandum of Opposition," wherein she included an informal request to continue the motion. She claims that the deposition of Deputy Moldaner was scheduled to take place June 16, 2008 and she claimed that evidence necessary to oppose the Motion for Summary Judgment was likely to be developed through that deposition.

The undersigned did not rule on this request for a continuance or on the motion itself on the set hearing date of June 18, 2008. It is now August 1, 2008. Nassar has not filed any supplement to her purported opposition in an attempt to actually oppose Deputy Moldaner's motion. Because Nassar has not attempted to make *any* arguments in opposition to Deputy Moldaner's Motion for Summary Judgment, the Court will treat the motion as unopposed or uncontested.

Because Nassar has failed to offer any opposition whatsoever to Deputy Moldaner's Motion for Summary Judgment, and because the Court finds that the motion has merit, it shall be granted

and all claims against Deputy Moldaner shall be dismissed accordingly.

### III. CONCLUSION

Considering the foregoing, **IT IS ORDERED** that the **Motion to Dismiss Complaint for Failure to State a Claim on Which Relief May be Granted Pursuant to Fed. R. Civ. P. 12(b)(6), or, in the Alternative, Motion for Summary Judgment (Rec. Doc. No 22)** is **GRANTED** for the reasons stated above. Plaintiff's claims against Deputy Moldaner are hereby dismissed with prejudice, except for any state law claims not directly addressed herein. Such state law claims shall be dismissed without prejudice.

New Orleans, Louisiana, this 1st day of August, 2008.

_____
**KURT D. ENGELHARDT**
**United States District Judge**